**Abraham WEINER**

v.

**CITY & COUNTY OF PHILADELPHIA**
**et al.**

**Civ. A. No. 25231.**

United States District Court
E. D. Pennsylvania.

June 22, 1960.

Abraham Weiner, plaintiff, pro se.

C. Leo Sutton, Dolores Korman, Dilworth, Paxson, Kalish, Kohn & Dilks,

Philadelphia, Pa., for defendant, A. G. Blank.

CLARY, District Judge.

The complaint in this action was filed on August 22, 1958. All of the defendants, other than defendant A. G. Blank (who had not been originally served), filed motions for security for costs. Such an order was entered and in due course, Weiner having failed to post security, an order dismissing the present action with prejudice was entered as to these defendants.

The present defendant was served with the complaint on July 22, 1959, and shortly thereafter moved for security for costs. Defendant Blank also moved to dismiss the complaint alleging (1) lack of jurisdiction; (2) that the complaint failed to state a claim upon which relief could be granted; (3) that the matter alleged in the complaint is scandalous and impertinent; and (4) that the complaint does not comply with the general rules requiring pleadings to contain a short and plain statement of the claim showing that the pleader is entitled to relief.

An order was entered on November 16, 1959, directing the plaintiff to enter security for costs as to defendant Blank, in the amount of $2,000, within twenty (20) days, and "in default [thereof] * * * judgment of dismissal shall be entered upon motion." Plaintiff Weiner failed to file security for costs within the twenty days as ordered. On January 15, 1960, defendant's attorney moved to dismiss the action pursuant to this Court's order of November 16, 1959. However, the plaintiff had filed security for costs, *after* the twenty days, but before defendant brought his present motion. Nevertheless plaintiff clearly was not in compliance with our November 16, 1959 order, and for that reason the complaint will be dismissed with prejudice as to the remaining defendant Blank.

Although the complaint will be dismissed for failure to comply with this Court's order, there are nevertheless other substantive reasons which appear on the face of the complaint and which would compel the same result. Thus, the plaintiff's complaint bases jurisdiction upon diversity and the jurisdictional amount, 28 U.S.C.A. §§ 1331, 1332, and also upon the Civil Rights Act, 42 U.S.C.A. § 1983. The complaint is deficient under the Civil Rights Act since it clearly fails to allege any act by the defendant which was done "under color of any statute, ordinance, regulation, custom, or usage, of any State", as those words are used in the Act. Schatte v. International Alliance, etc., 9 Cir., 1950, 182 F.2d 158, certiorari denied, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608; Shemaitis v. Froemke, 7 Cir., 1951, 189 F.2d 963; Smith v. Jennings, D.C.W.D.Mich.1957, 148 F.Supp. 641. Moreover, even assuming that the complaint does state a violation of that Act, recovery for any such violation is barred by the applicable state statute of limitations. Wilson v. Hinman, 10 Cir., 1949, 172 F.2d 914, certiorari denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121. In this case it would be barred by the one year Pennsylvania statute governing suits for malicious prosecution, 12 P.S. § 51.

As to any possible claims based upon diversity, these two are obviously barred by the applicable Pennsylvania Limitation Statute. See 12 P.S. § 31 (one year limitation for libel); 12 P.S. § 51, (one year limitation for false arrest and malicious prosecution). Moreover, matter contained in official court reports, court records and court hearings are protected by an absolute privilege, and will not give rise to an action for libel. See 22 P.L.E. Libel § 33. Newspaper reports of judicial proceedings are also privileged, 22 P.L.E. Libel § 37.

Although there are numerous other infirmities in the present complaint, enough has been said to make it abundantly clear that, for substantive as well as procedural reasons, it must be dismissed with prejudice.