Aileen HENIG, a minor, together with
Ludwig Henig and Geneva M. Henig,
her parents, Plaintiffs

v.

Rocco A. ODORIOSO et al., Defendants.

Civ. A. No. 35387.

United States District Court
E. D. Pennsylvania.

July 1, 1966.

Ludwig and Geneva M. Henig, represented their minor daughter, Aileen Henig, as plaintiff parents.

John R. Graham, Media, Pa., for Commissioners and Police of Radnor Township.

John B. Hannum, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for F. W. Woolworth Co., Agnes Lee and J. N. Fornwald.

William R. Toal, Jr., Media, Pa. (Judge William R. Toal, now deceased).

James H. Agger, of Krusen, Evans & Byrne, Philadelphia, Pa., for Frank A. Loftus and Virginia Martin.

Frank P. Lawley, Jr., Deputy Atty. Gen. and Walter E. Alessandroni, Atty. Gen. of Commonwealth of Pennsylvania, Harrisburg, Pa., for all Judges named as defendants.

Jacques H. Fox, Dist. Atty. of Delaware County, and Paul R. Sands, Asst. Dist. Atty. of Delaware County, for Judges and personnel of Delaware County Court House, Media, Pa.

## OPINION AND ORDER

BODY, District Judge.

The matter presently before the Court involves timely motions, filed on behalf of all named defendants,[1] to dismiss a Civil Rights action brought by a minor child and her parents.[2] In deciding these motions to dismiss the Court will assume the truthfulness of all of plaintiffs' allegations to determine whether they have any cause of action upon which relief could be granted.

From the allegations of the complaint[3] it appears that at approximately 4:35 P.

---

1. On December 22, 1965 this Court approved a motion filed by the Attorney General of Pennsylvania to amend his motion to dismiss filed on March 19, 1965 by adding the names of Jacques H. Fox and Paul R. Sands. This amendment was agreed to by parties plaintiff in open court.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331, 1343; 42 U.S.C.A. §§ 1983–1985; and under Amendments 5, 6, 8, 13 and 14 of the United States Constitution.

3. The complaint, which was prepared by Mrs. Geneva Henig, is an inartfully drawn, typewritten document containing thirty-one paragraphs of general allegations. Although there is still doubt in the Court's mind whether the plaintiff parents should be permitted to represent their daughter's legal interests in this matter without aid of counsel—a ques-

M. on March 22, 1962 two Radnor Township police officers seized the minor plaintiff, Aileen Henig, at the entrance of a branch store located on Lancaster Avenue in Wayne, Delaware County, Pennsylvania. The store was owned and operated by defendant F. W. Woolworth Company.[4] The officers, defendants C. Russell Fleming and Henry P. Jansen, suspecting the eleven year old girl of shoplifting, allegedly took her by force to the manager's office where she was questioned by them and later searched by a female employee of said store at the officers' request. A search of her person produced three comic books, two pairs of stockings, two flashlight batteries and a pocket comb, having a total value of $2.32. Apparently the girl had no sales slip or other receipt to match the recovered articles. Miss Henig, however, denied that she had stolen any of these items.

Detectives Fleming and Jansen then escorted the child to a nearby police station where, after having allegedly received false promises, she finally admitted that on one previous occasion she had stolen two pens from another store. She again denied any wrongdoing with regard to the Woolworth incident.

The next morning, March 23, 1962, the same officers took Aileen to the Delaware County Juvenile Court at Media, Pennsylvania. The policemen informed a court employee of the shoplifting charge. A preliminary hearing was held shortly thereafter by the Honorable Thomas A. Curran of the Delaware County Court. The Honorable William R. Toal, now deceased, scheduled a further hearing for May 23, 1962. Plaintiffs contend that both of these proceedings were replete with constitutional

infirmities and amounted in general terms to a flagrant violation of due process.

At the close of the May 23rd hearing Miss Henig was placed in temporary confinement in the Juvenile Court Detention Center until July 13, 1962, a total of fifty-one days, during which time she allegedly was forced to do menial tasks. On July 13, 1962 Judge Toal held a further hearing at which plaintiffs claim the child's constitutional rights to procedural due process were violated. Slanderous and other inflammatory remarks were supposedly made throughout this proceeding by Judge Toal as well as various other defendants named herein. The court found Aileen to be delinquent and Judge Toal, by formal order of July 13, 1962, declared her a ward of the Juvenile Court and committed her to the defendant Wallingford Home of the Orphans' Society of Philadelphia.

On August 1, 1962 the Henigs petitioned the court for a rehearing. The rehearing was granted for September 7, 1962, at which time the court ruled that its former adjudication in the case was final. The plaintiff parents appealed the Juvenile Court's decision to the Pennsylvania Superior Court in which they attacked the constitutionality of the Pennsylvania Juvenile Act. [Act of June 2, 1933, P.L. 1433, 11 P.S. § 243 et seq. as amended] The Superior Court upheld the constitutionality of the Act and on April 18, 1963 affirmed the order of the lower court. [Commonwealth v. Henig, 200 Pa.Super. 614, 189 A.2d 894 (1963)] [5]

On May 4, 1963 plaintiffs received a letter from defendant Gerald W. Spivak, then law clerk to Chief Justice Bell, which affirmed the ruling of defendant

tion we are not now deciding—this Court has liberally construed the complaint to give plaintiffs every conceivable benefit of doubt.

4. Plaintiffs contend that the detectives had been on the store premises from 3:00 P.M. to 4:30 P.M. that afternoon investigating complaints of petty thievery. However, in a brief filed in support of its motion to dismiss, defendant Woolworth

claims that the two officers were plainclothesmen acting in their normal course of duty and maintained no special connections whatsoever with the store management.

5. For an extended presentation of the factual setting from which this cause of action arose, see Judge Montgomery's opinion for the court.

Blair Gunther, Prothonotary of the Pennsylvania Supreme Court, refusing their appeal to that court. The United States Supreme Court denied certiorari. [Henig v. Pennsylvania, 375 U.S. 908, 84 S.Ct. 201, 11 L.Ed.2d 148 (1963)]

Plaintiffs also filed several petitions for a writ of habeas corpus in this matter. On August 28, 1962 the Supreme Court of Pennsylvania denied per curiam one petition for a writ of habeas corpus. Another petition for a writ of habeas corpus was filed with the Pennsylvania Superior Court which was denied per curiam on February 18, 1963.

On January 25, 1963 a final hearing was held in the Juvenile Court, Judge Toal presiding, as a result of which Miss Henig was discharged from the care of the Home and returned to the custody of her parents.

On the basis of the foregoing facts and proceedings, Mr. and Mrs. Henig brought this Civil Rights action on their own behalf and on behalf of their daughter, Aileen. In this complaint plaintiffs pray for redress for loss of income, for costs incurred in litigation, and damages for alleged false imprisonment, loss of reputation, slander and defamation, and "general sorrowing and suffering".

Plaintiffs instituted the present action against: (1) the Radnor Township Commissioners and police officials who allegedly are responsible for illegally arresting the girl and falsely accusing her of shoplifting; (2) F. W. Woolworth Company, Inc. and certain named employees who allegedly aided the police in their illegal arrest and search of the minor plaintiff; (3) the judges and employees of the Delaware County Court, particularly the late Judge Toal by whose order Miss Henig was adjudged a delinquent and incarcerated; (4) the judges of the Pennsylvania Supreme and Superior Courts and certain court employees, all of whom allegedly conspired against plaintiffs; (6) the Wallingford Home and its named employees who allegedly conspired with the courts in incarcerating the minor plaintiff and who allegedly inflicted cruel and inhuman treatment upon the girl during her period of confinement at that institution.

In deciding the various motions to dismiss, the Court must first decide whether plaintiffs are barred by any applicable statute of limitations with regard to their causes of action against any or all of the named defendants.

### I.

### STATUTE OF LIMITATIONS

Miss Henig was apprehended, detained and searched at the Woolworth store on March 22, 1962. Judge Toal entered his order placing the girl in the Wallingford Home on July 13, 1962, and she was released from the Home on January 25, 1963. Plaintiffs filed a petition to proceed in forma pauperis with this Court on March 25, 1964 and the official docket indicates that said petition was denied by my Brother, Judge William Kraft, on that same date. Following unsuccessful appeals to the United States Court of Appeals for the Third Circuit and to the United States Supreme Court, from the District Court's refusal to allow plaintiffs leave to proceed in forma pauperis, plaintiffs finally sent a money order in the amount of the fifteen dollar filing fee by certified mail to the Clerk of this Court. The money order was received on October 22, 1964 and Chief Judge Clary instructed the Clerk's office to docket the complaint as of that date even though the filing fee was not actually marked "received" until December 17, 1964 when Mrs. Henig appeared personally at the Clerk's office.

Since the Civil Rights Act [42 U.S.C.A. §§ 1983–1985] contains no statute of limitations of its own governing these Civil Rights actions, a federal court will look to the period of limitations which a court of the state in which the federal court is located would apply, had an action seeking similar relief been brought in that forum. [Funk v. Cable, 251 F.Supp. 598 (M.D.Pa.1966), citing Swan v. Board of Higher Education of City of New York, 319 F.2d 56 (2d Cir. 1963)]

**280**

A liberal reading of plaintiffs' allegations contained in the lengthy complaint reveals that plaintiffs have pleaded the following causes of action: (1) false arrest; (2) false imprisonment; (3) slander; and (4) malicious prosecution.

Under Pennsylvania Law, to which we must look in this case, the statutes of limitations for false arrest,[6] slander,[7] and malicious prosecution[8] are all one year. False imprisonment[9] actions, on the other hand, must be brought within two years from the time the cause of action arose.

One final period of limitations which might possibly apply here is the general two year statute of limitations [12 Purdon's Pa.Stat.Ann. § 34] which has been invoked in other Civil Rights cases wherein deprivations of constitutional rights were alleged generally. [Conard v. Stitzel, 225 F.Supp. 244 (E.D.Pa. 1963)]

■ In any event we hold that any claims that plaintiffs may have had, on the basis of their allegations in the complaint, are barred by the respective statutes of limitations discussed, supra. [Funk v. Cable, 251 F.Supp. 598 (M.D. Pa.1966); Gaito v. Stauss, 249 F.Supp. 923 (W.D.Pa.1966; Conard v. Stitzel, 225 F.Supp. 244 (E.D.Pa.1963); Weiner v. City and County of Philadelphia, 184 F.Supp. 795 (E.D.Pa.1960)]

## II.

### OTHER DEFENSES

Even if we assume that plaintiffs are not barred by any statute of limitations, we nevertheless find that their complaint has failed to state a cause of action against any of the defendants named herein. The remainder of this opinion will be confined to a discussion of the various grounds urged by defendants in support of their respective motions to dismiss. For purposes of organization and clarity, the Court will examine the defenses of each group of defendants in the order in which those defendants are named in the complaint.

### A.

### RADNOR TOWNSHIP COMMISSIONERS AND POLICE

■ (1) *The Commissioners:* Since plaintiffs have alleged no specific facts connecting the Commissioners, as individuals, with the incidents upon which this cause of action is predicated (Pugliano v. Staziak, 231 F.Supp. 347 (W.D. Pa.1964), we assume that they have been named as an entity. The Court concludes, therefore, that the complaint against the Commissioners of Radnor Township, a municipal body, must be dismissed for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter. The Civil Rights Act of 1871 does not contemplate suits against municipalities. [Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Roberts v. Trapnell, 213 F.Supp. 49 (E.D.Pa.1962)]

■ (2) *The Police:* With regard to the possible liability of the Radnor Township Police, it is clear that an unlawful arrest and detention perpetrated by some person under color of state law states a claim under the Civil Rights Act. [Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965)]

■ However, in the present case, plaintiffs have failed to allege any specific facts with respect to either the "arresting" officers or the remaining members of the police department. [Pugliano v. Staziak, supra] The fatal defect in the complaint is the absence of any allegation that Officers Fleming and Jansen lacked probable cause to detain and search the minor plaintiff for the offense of shoplifting.

■ In paragraph #9 of the complaint plaintiffs merely state in general terms that the detectives "seized plaintiff

---

6. 12 Purdon's Pa.Stat.Ann. § 51.

7. 12 Purdon's Pa.Stat.Ann. §§ 31, 32.

8. 12 Purdon's Pa.Stat.Ann. § 51.

9. Jones-Burget v. Borough of Dormont, 14 F.2d 954 (3rd Cir. 1926); 16 P.L.E. False Imprisonment § 5, p. 298.

Aileen Henig at the entrance to said store and by superior force dragged her resisting body to the store office where they attempted to interrogate her." Although plaintiffs contend at various places in their complaint that the girl was innocent of any wrongdoing, they miss the crucial point—that so long as the officers had probable cause to believe that Miss Henig was in the act of committing a misdemeanor,[10] they were acting within the law when detaining, questioning and searching her. [United States v. Murphy, 290 F.2d 573, 575 (3rd Cir. 1961); see also 18 Purdon's Pa.Stat. Ann. § 4816.1(b)]

The Court concludes that the motions to dismiss filed on behalf of defendants Fleming and Jansen, as well as the other named Radnor Township Policemen, will be granted.

### B.

### F. W. WOOLWORTH COMPANY AND EMPLOYEES

Defendant Woolworth's primary defense—that its employees were private citizens who merely cooperated with the police and who in no way acted under color of state law—is well founded. [Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963)] In view of the fact that the complaint contains no material facts to support a charge of conspiracy between those employees and the police officers under 42 U.S.C.A. § 1985, we hold that plaintiffs cannot maintain a cause of action in this Court against Woolworth and its named employees in the absence of diversity of citizenship.

In the first paragraph of their complaint, plaintiffs state that they are residents of the Commonwealth of Pennsylvania, but fail to allege the existence of diversity of citizenship between them and *any* of the named defendants. The motion to dismiss the action against F. W. Woolworth Company and various named employees is therefore granted.

### C.

### JUDGES OF THE SUPREME AND SUPERIOR COURTS OF PENNSYLVANIA, DELAWARE COUNTY COURT AND THEIR NAMED EMPLOYEES

With regard to the above-named group of defendants, the only ground relied upon in support of their respective motions to dismiss which we need mention is that of judicial and quasi-judicial immunity. [Bauers v. Heisel, 361 F.2d 581 (3rd Cir.) decided May 19, 1966.] Since these defendants enjoy immunity from suit under the Civil Rights Act, their motions to dismiss must be granted for the reason that plaintiffs cannot state a claim against them upon which relief can be granted.[11]

### D.

### THE WALLINGFORD HOME AND NAMED EMPLOYEES

As in the case of defendant Woolworth, we find that the Wallingford Home and its employees did not act under "color of state law" in the sense that term is used in the Civil Rights Act. It is a private institution which acted, at all times relevant to these proceedings, pursuant to a court order which was valid on its face. [Campbell v. Glenwood Hills Hosp. Inc., 224 F.Supp. 27 (D.Minn. 1963); Francis v. Lyman, 216 F.2d 583 (1st. Cir. 1954); Kenney v. Fox, D. C., 132 F.Supp. 305, affd. 232 F.2d 288 (6th Cir. 1956, Cert. Den. 352 U.S. 855, 77 S. Ct. 84, 1 L.Ed.2d 66 (1956); see also Bauers v. Heisel, 361 F.2d 581 (3rd Cir.) decided May 19, 1966, footnote 7]

10. Judge Montgomery found that the girl "was caught in the act of shoplifting" in his opinion which is reported as Commonwealth v. Henig, 200 Pa.Super. 614, 189 A.2d 894 (1963).

11. William R. Toal, Jr., Esq. filed an extensive brief on behalf of his father's estate. In that brief Mr. Toal raises certain meritorious defenses which we deem unnecessary to discuss in view of Judge Toal's general immunity from suit. See also, Francis v. Crafts, 203 F.2d 809 (1st Cir. 1953).

On the basis of the facts alleged in the complaint, we further find plaintiffs' claim that Aileen was placed in involuntary servitude and subjected to cruel and unusual punishment to be patently frivolous.

Therefore, the motion of defendant Wallingford Home and certain named employees will be granted.

In view of the foregoing analysis which is sufficiently dispositive of the present motions to dismiss, we find it unnecessary to discuss the remaining defenses urged on behalf of various defendants.

### ORDER

And now, this first day of July, 1966, it is ordered that the motions to dismiss be and the same are granted as to all defendants named in the complaint, and the action is hereby dismissed with prejudice.