### Jack L. EDDINGS

v.

### COMMONWEALTH OF PENNSYL-VANIA et al.

Civ. A. No. 69–77.

United States District Court,
E. D. Pennsylvania.

March 3, 1970.

S. Asher Winikoff, Deputy Atty. Gen., Harrisburg, Pa., for Commonwealth and Governor Raymond P. Shafer.

Alfeo P. Libetti, Asst. City Solicitor, Philadelphia, Pa., for City of Phila., Superintendent Edward J. Hendrick and Drs. Guy, Kool and Boxer.

James L. Griffith, Philadelphia, Pa., for Dr. Boxer.

## OPINION

LUONGO, District Judge.

Jack L. Eddings, a state prisoner,[1] filed a *pro se* complaint seeking damages under the Civil Rights Act, 42 U.S.C. § 1981 et seq., for alleged violations of his constitutional rights. Defendants are the Commonwealth of Pennsylvania; the City of Philadelphia; the Honorable Raymond P. Shafer,[2] Governor of Pennsylvania; Edward J. Hendrick,[3] Superintendent of the Philadelphia Detention Center; and Doctors Guy, Kool and Boxer, medical doctors apparently employed by or performing services for state and local penal institutions. The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

■ At the outset, the motions of the Commonwealth of Pennsylvania and the City of Philadelphia will be granted since neither is a "person" within the meaning of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex

rel. Gittlemacker v. County of Philadelphia et al., 413 F.2d 84 (3d Cir. 1969).

As for the remaining defendants, plaintiff has generally attempted to state two causes of action in the complaint. The first charges Doctors Guy, Kool and Boxer with having incorrectly diagnosed his condition while he was in custody. The second charges that all defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by certifying that he was insane and caused him to be transferred to and confined in a state mental institution (Farview State Hospital).

■■ The first claim amounts to no more than a charge of medical malpractice and fails to state a claim under the Civil Rights Act. United States ex rel. Gittlemacker v. County of Philadelphia et al., *supra*; Commonwealth of Pa. ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3d Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967). There is no affirmative allegation that there is diversity of citizenship between the parties, consequently the court may not entertain this suit as a negligence claim under 28 U.S.C. § 1332. See John Birch Society v. NBC, 377 F. 2d 194 (2nd Cir. 1967); Brown v. Ingraham, 11 F.R.D. 522 (W.D.Pa.1951).

■ As for the second claim, that plaintiff's Eighth Amendment rights were violated by the transfer to a mental hospital, plaintiff makes no factual averment involving either Governor Shafer or Superintendent Hendrick in the transfer. The complaint alleges only that Governor Shafer received a letter from plaintiff inquiring why plaintiff had not been brought to trial. Hendrick is not mentioned at all. Under these circumstances the complaint fails to state a claim against either Governor Shafer or Superintendent Hendrick and

---

1. Plaintiff is presently confined in the Philadelphia Detention Center awaiting trial on various charges of assault and battery.

2. Governor Shafer's middle initial was incorrectly set forth in the Complaint as "T."

3. Incorrectly designated as "Robert J. Hendricks."

their motions to dismiss will be granted. *Cf.* United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3d Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963).

With respect to Doctors Guy, Kool and Boxer, the complaint alleges that they illegally and maliciously conspired to have plaintiff certified insane and transferred to a state mental institution. Such allegations are too broad and conclusory to state a claim under the Civil Rights Act. United States ex rel. Hoge v. Bolsinger, *supra.*

On what has been said, the motions of all defendants to dismiss the complaint should be granted. Since, however, it is a *pro se* complaint by a prisoner, I will construe it liberally. In his "Brief in Support of Petition for Leave to File Writ of Habeas Corpus and in Opposition to Motions to Dismiss Filed on Behalf of Arthur Boxer, M.D., Defendant * * *", plaintiff stated that at the time of his arrest he was a "resident" of the state of New Jersey, and he stated in somewhat more detail the facts surrounding the allegedly illegal transfer [4] to the mental institution. The statements contained in the brief are, of course, not a part of the record and I may not properly consider them in ruling upon these motions, nevertheless, out of an abundance of caution, I will give plaintiff an opportunity to correct the present omissions in the record.

As I indicated earlier, however, the Commonwealth of Pennsylvania and the City of Philadelphia are not subject to suit in this action and their motions to dismiss will be unconditionally granted. No claim of any kind has been stated against Governor Shafer or Superintendent Hendrick and their motions to dismiss will likewise be unconditionally granted.

As to the remaining defendants, Doctors Guy, Kool and Boxer, their motions to dismiss will be granted, but plaintiff will be given leave to file an amended complaint within sixty days. In the amended complaint, if plaintiff seeks to state a claim for medical malpractice or for any other negligent acts or omissions, he must affirmatively allege the factual basis for diversity of citizenship between himself and these defendants. If plaintiff seeks to state a claim against them for maliciously or unlawfully conspiring to cause him to be certified insane and unlawfully transferred to a mental institution, he must allege in detail the acts each is alleged to have committed.

---

4. Although it is not clear from plaintiff's "Brief", the transfer may have been made pursuant to § 408 of the Pennsylvania Mental Health and Mental Retardation Act of 1966 (50 P.S. § 4408). If the transfer was pursuant to a court order, the individual doctor or doctors may be immune from suit under the Civil Rights Act. See Byrne v. Kysar, 347 F.2d 734 (7th Cir. 1965), cert. denied, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668 (1966), reh. denied, 384 U.S. 914, 86 S.Ct. 1348, 16 L.Ed.2d 367 and 384 U.S. 994, 86 S.Ct. 1891, 16 L.Ed.2d 1011 (1966); Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963).