Vaso **BORETA**, Plaintiff,

v.

Edward **J. KIRBY**, Director of the Department of Alcoholic Beverage Control of the State of California, et al., Defendants.

No. C–69–534.

United States District Court,
N. D. California.
June 3, 1971.

Charles O. Morgan, Jr., San Francisco, Cal., for plaintiff.

Charles E. Cooper, William S. McKay, and Theodore Sachsman, San Francisco, Cal., for Bank of America Trust & Savings Assn., for defendant.

Evelle J. Younger, Atty. Gen. for State of California, San Francisco, Cal., for Dept. of Alcoholic Beverage Control of State of Cal.

## MEMORANDUM AND ORDER

CONTI, District Judge.

This case is before the court on defendants' motions to dismiss or, in the alternative, for summary judgment. Defendant Bank of America, National Trust & Savings Association filed its own motion to dimiss, which was not accompanied by a motion for summary judgment.

The complaint is brought under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985. Said complaint alleges that the defendants "wilfully and wrongfully invaded and searched and copied and allowed to be invaded, searched and copied all of the plaintiff's personal and private

banking records, all of which was further done without the knowledge or consent of the plaintiff."

Plaintiff further alleges that as the result of such wrongful and malicious conduct, plaintiff's constitutional right to privacy has been invaded. General and punitive damages are sought by plaintiff.

This court's decision as to each defendant is as follows:

(1) Department of Alcoholic Beverage Control of the State of California.

▮ Whether or not the State of California has consented to be sued, it is not a "person" within the meaning of the Civil Rights Act and cannot, therefore, be sued thereunder. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961); Brown v. Town of Caliente, Nevada, 392 F.2d 546 (9th Cir. 1968); Bennett v. People of State of California, 406 F.2d 36 (9th Cir.1969). The same applies to the Department of Alcoholic Beverage Control as it is but an arm of the State.

Therefore, the Department's motion to dismiss must be granted.

(2) Melvin Figoni, Special Investigator for the Department of Alcoholic Beverage Control of the State of California.

In support of his motion to dismiss, defendant Figoni contends that in searching the personal bank records of the plaintiff, he was acting within the scope of his authority, and, therefore, entitled to immunity from damage actions arising therefrom. Defendant relies on Section 25753 of the California Business and Professions Code which provides:

"The department (Alcoholic Beverage Control) may make any examination of the *books and records* of any licensee or other person and may visit and inspect the premises of any licensee it may deem necessary to perform its duties under this division." (Emphasis added).

Plaintiff contends that this statute authorizes only the examination of books and records which are related to the operation of the business enterprise licensed by the Department. It is submitted that the above mentioned statute in no way gives the Department discretion to examine the *personal* accounts of anyone.

This court is not aware of any case which has interpreted the meaning of "books and records" as used in § 25753 of the California Business and Professions Code. However, having considered the positions of all parties, it is the feeling of this court that the most reasonable interpretation of this statute is that examinations made pursuant thereto must be limited to the "books and records" of the business enterprise.

The court is cognizant of the possibility of unscrupulous licensees avoiding the force and effect of the statute by placing their business records in "personal" accounts. Nonetheless, the prospective evils of a more liberal interpretation of the statute as espoused by defendants seem far greater. Such an interpretation would render a licensee of the Department susceptible to endless searches of all his books and records, both business and personal, as long as the Department "may deem it necessary to perform its duties. * * *" Over and above the constitutionality of such an interpretation, it is not likely that the legislature would have subjected the licensee to such a broad grant of power without being more specific in its language.

▮ Having decided that § 25753 authorizes the Department to examine only books and records related to the business enterprise, it is necessary to determine whether, in light of this decision, the defendant can claim the protection of the doctrine of official immunity.

In Selico v. Jackson, 201 F.Supp. 475 (S.D.Cal.1962), the court stated:

"It is well settled that a public official is immune from civil suit based upon discretionary acts performed within

the scope of his authority, regardless of the motives with which he performs his duties, and this immunity is not abrogated by the Civil Rights statutes. * * * However, where an act is outside the scope of the official's powers and beyond his authority, he is of course liable for the consequences of his actions."

See also: Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1969); Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780; Gregoire v. Biddle, 177 F.2d 579 (2d Cir.1949); Hoffman v. Halden, 268 F.2d 280 (9th Cir.1959); Silver v. Dickson, 403 F.2d 642 (9th Cir.1968).

The rationale of the official immunity doctrine was articulated by Judge Learned Hand in Gregoire v. Biddle, supra:

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors.

As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."

The determination of whether defendant Figoni can claim governmental immunity is dependent upon whether his alleged actions can be considered *discretionary acts* and whether they were done within the *scope of his authority*. In Norton v. McShane, 332 F.2d 855 (5th Cir.1964) cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274, the court addressed itself to both of these factors. As to what constitutes a discretionary act, the court stated:

"There is no litmus paper test to distinguish acts of discretion * * *, and to require a finding of 'discretion' would merely postpone, for one step in the process of reasoning, the determination of the real question—is the act complained of the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability?"

In holding that the act must be within the scope of authority, the court in *Norton* further stated:

"The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint. * * * The requirements that the act be within the outer perimeter of the line of duty is no doubt another way of stating that the act must have more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority."

■ Although the facts of the present case present a difficult question,

it is the feeling of this court that defendant Figoni's acts were discretionary and within the scope of his authority.

This court has held today that § 25753 of the California Business and Professions Code does not authorize examination of a licensee's books and records which are not related to the business enterprise. However, prior to this court's decision there were no reported cases construing said section. The language of the statute itself did not limit examinations to *business* books and records and a more liberal interpretation of such statute was not entirely unreasonable.

 Therefore, in light of the ambiguity of the statute this court cannot say that Figoni's examination of the plaintiff's personal records was "manifestly beyond his authority." To hold otherwise would place governmental officials in the precarious position of having to interpret statutes which are less than clear on their face, knowing that if their interpretation conflicts with a *future* judicial construction, they may well be subject to damage suits for their actions.

Accordingly, the complaint must be dismissed as to the defendant Figoni.

(3) Edward J. Kirby, Director of the Department of Alcoholic Beverage Control.

In light of this court's decision as to Figoni, the complaint must also be dismissed as to defendant Kirby. However, even had Figoni not been dismissed from the complaint, this court was inclined to grant defendant Kirby's motion for summary judgment.

In his uncontradicted affidavit, Kirby stated that he had no personal participation in the examination. He did not do any of the searching, did not direct Figoni to conduct the examination, and was not even aware that an investigation was in progress.

The Civil Rights Act provides for relief only against those who are personally involved in the deprivation of constitutionally protected rights. A public official cannot be held liable pursuant to the doctrine of respondeat superior. Salazar v. Dowd, 256 F.Supp. 220 (D. Col.1966).

(4) Bank of America, National Trust & Savings Association.

Since the complaint has been dismissed as to all of the other defendants, a cause of action under the conspiracy provisions of the Civil Rights Act, 42 U.S.C. § 1985, cannot be stated against defendant Bank of America, National Trust & Savings Association. Further, the dismissal of the other defendants eliminates the requisite "state action" necessary to state a claim under 42 U.S.C. § 1983.

In light of the above determinations, it is unnecessary for this court to address itself to the issue of whether there is a constitutional right to privacy which extends to one's financial records. It is also unnecessary to decide if the plaintiff consented to the examination in question.

Accordingly, it is hereby ordered that the motions to dismiss on behalf of each defendant be, and they hereby are, granted.