Gary PADOVER

v.

GIMBEL BROTHERS, INC., et al.

Civ. A. No. 75–120.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Feb. 11, 1976.

Daniel H. Shertzer, Lancaster, Pa., for plaintiff.

Lynn L. Detweiler, Philadelphia, Pa., for Gimbel Bros.

Donald F. Krank, Lancaster, Pa., for Park City Associates.

James Martin, Frederick C. Fletcher, II, Philadelphia, Pa., for David Thompson.

## OPINION

DITTER, District Judge.

Alleging that he was unlawfully arrested and prosecuted, plaintiff instituted this civil rights action for damages against two individuals and two corporations. Before the court are motions on behalf of all four defendants, pursuant to Rule 12(b)(1) and (6), to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. I conclude that the complaint must be dismissed with respect to the corporate defendants but not with regard to the individuals.

Taking as true the allegations of the complaint and all reasonable inferences deducible therefrom, as I must on a motion to dismiss, see *Curtis v. Everette*, 489 F.2d 516, 518 (3d Cir. 1973), cert. denied sub nom. *Smith v. Curtis*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974), the facts giving rise to this action may be summarized as follows. At approximately 5:30 on the afternoon of January 12, 1974, plaintiff Gary Padover was on the premises of a department store owned and operated by defendant Gimbel Brothers, Inc., located in a shopping center owned by defendant Park City Associates in Lancaster, Pennsylvania. Defendant David Thompson, a police officer for Manheim Township, Lancaster County, Pennsylvania, and an employee of Gimbel Brothers, and defendant James Martin, an employee of Park City Associates, arrested

plaintiff, prevented his leaving the store, and committed an assault and battery upon him. Thereafter on January 31, 1974, Thompson filed a criminal complaint against plaintiff, charging him with disorderly conduct. At his trial before a Lancaster County district justice, plaintiff was acquitted and discharged from arrest and further prosecution.

■ Invoking the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 42 U.S.C. § 1985,[1] and their jurisdictional counterparts, 28 U.S.C. §§ 1331 and 1343,[2] plaintiff thereafter instituted this action. Specifically, plaintiff alleges that defendants' actions, under color of state law, violated his constitutional rights: (1) of personal security and freedom from arrest except upon probable cause guaranteed by the Fourth Amendment; (2) of due process of law under the Fifth and Fourteenth Amendments; (3) to be informed of the nature of accusations against him as guaranteed by the Sixth Amendment; (4) reserved under the Ninth and Tenth Amendments; and (5) to equal protection of the laws mandated by the Fourteenth Amendment. He further contends that the acts complained of were the result of a scheme and conspiracy by which the defendants sought to deprive him of rights guaranteed by the Constitution and laws of the United States.

■ The corporate defendants contend that inasmuch as plaintiff's claim against them rests solely on a theory of *respondeat superior*, it must be dismissed. I agree. Notwithstanding the reservations of a few courts [3] and at least one commentator,[4] the better view appears to be that the doctrine of *respondeat superior* has no application in civil rights actions. See *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir. 1974); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), cert. denied sub nom. *Employee-officer John, # 1765 Badge Number v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *Schumate v. People of State of New York*, 373 F.Supp. 1166 (S.D.N.Y.1974).[5] In

1. Subsection (3) of 42 U.S.C. § 1985, under which plaintiff apparently claims relief, provides:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or

deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. Jurisdiction in all actions brought pursuant both to Section 1983 and 1985 lies under 28 U.S.C. § 1343 on its face. Inasmuch as the damages claimed by plaintiff here exceed $10,-000., jurisdiction also exists under 28 U.S.C. § 1331. See, e. g., *Farmer v. Philadelphia Electric Co.*, 329 F.2d 3 (3d Cir. 1964); *Tritsis v. Backer*, 355 F.Supp. 225 (N.D.Ill.1973).

Plaintiff also alleges jurisdiction under 28 U.S.C. § 1332. Inasmuch as the complaint asserts that plaintiff and all defendants are "citizens or entities of the Commonwealth of Pennsylvania," plaintiff cannot pursue this civil rights action as a diversity suit. See *Eddings v. Commonwealth of Pennsylvania*, 311 F.Supp. 944 (E.D.Pa.1970).

3. See *Courtney v. School District No. 1, Lincoln County, Wyoming*, 371 F.Supp. 401 (D.Wyo.1974); *Williams v. United States*, 353 F.Supp. 1226 (E.D.La.1973); *Hill v. Toll*, 320 F.Supp. 185 (E.D.Pa.1970).

4. See C. Antieau, *Federal Civil Rights Act: Civil Practice* § 90 at 117.

5. See also *Boettger v. Moore*, 483 F.2d 86 (9th Cir. 1973); *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971); *Thompson v. Montemuro*, 383

the absence of any allegation of wrongful conduct on the part of the corporate defendants, or even of any authorization of or acquiescence in the acts of their respective employees, I therefore conclude that the complaint must be dismissed with respect to Gimbel Brothers and Park City Associates.

In support of their dismissal motions, defendants Martin and Thompson argue that their actions were not clothed with the requisite color of state law essential to a Section 1983 suit, and that plaintiff's allegations are insufficiently specific to support a civil rights action. Although it is true that the Section 1983 requirement of conduct under color of law rarely can be satisfied in the case of anyone other than a state official, *Kadlec v. Illinois Bell Telephone Company*, 407 F.2d 624, 626 (7th Cir. 1969); *Weyandt v. Mason's Stores, Inc.*, 279 F.Supp. 283, 288 (W.D.Pa.1968).[6] I am unable to say that it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654, reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). That defendant Thompson enjoyed employment as a township police officer as well as a store detective for Gimbel Brothers creates, at this stage of the proceedings at least, a minimal possibility that his conduct might conceivably be characterized as "under color of state law." See, *e. g.*, *Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965); *United States ex·rel. Brzozowski v. Randall*, 281 F.Supp. 306 (E.D.Pa.1968); *Beauregard v. Wingard*, 230 F.Supp. 167 (S.D.Cal.1964). Indeed, at least one court in this Circuit has held that a store detective, after making an arrest under the Pennsylvania Professional Thieves Act, 18 P.S. § 4821, was acting under color of state law for purposes of any Constitutional deprivations to which he allegedly subjected the suspect. See *DeCarlo v. Joseph Horne and Company*, 251 F.Supp. 935 (W.D.Pa.1966); compare *Weyandt v. Mason's Stores, Inc.*, supra at 287. And although it is true, as defendant Martin points out, that a private individual who merely obeys a police order does not act under color of state law, *Henig v. Odorioso*, 385 F.2d 491, 494 (3d Cir. 1967); *Weyandt v. Mason's Stores, Inc.*, supra at 287, it is equally clear that

> [p]rivate persons, jointly engaged with state officials in . . . prohibited action, are acting "under color" of law for purposes of the [civil rights] statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agent, . . .

*Adickes v. S. H. Kress and Company*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–06, 26 L.Ed.2d 142, 150 (1970), quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267, 272 (1966). Accordingly, at this stage of the proceedings—prior to the reception of any evidence—I cannot foreclose the possibility that plaintiff might, at least in theory, successfully maintain a claim against the individual defendants.

Turning to defendants' contention that the allegations of the complaint

F.Supp. 1200 (E.D.Pa.1974); *Mathis v. Pratt*, 375 F.Supp. 301 (N.D.Ill.1974); *Boyden v. Troken*, 358 F.Supp. 906 (N.D.Ill.1973); *Lathon v. Jefferson Parish*, 358 F.Supp. 558 (E.D.La. 1973); *Barnes v. Dorsey*, 354 F.Supp. 179 (E.D. Mo.), aff'd, 480 F.2d 1057 (8th Cir. 1973); *Ashenhurst v. Carey*, 351 F.Supp. 708 (N.D.Ill. 1973); *Bichrest v. School District of Philadelphia*, 346 F.Supp. 249 (E.D.Pa.1972); *Boreta v. Kirby*, 328 F.Supp. 670 (N.D.Cal.1971); *McGhee v. Moyer*, 60 F.R.D. 578 (W.D.Va. 1973); *Jarosiewicz v. Conlisk*, 60 F.R.D. 121 (N.D.Ill.1973); cf. *Spears v. Transcontinental*

*Bus System*, 226 F.2d 94 (9th Cir. 1955), cert. denied, 350 U.S. 950, 76 S.Ct. 326, 100 L.Ed. 828 reh. denied, 350 U.S. 977, 76 S.Ct. 443, 100 L.Ed. 847 (1956).

6. See also *Jobson v. Henne*, 355 F.2d 129, 133 (2d Cir. 1966); *Moro v. Telemundo Incorporado*, 387 F,Supp. 920, 924 (D.P.R. 1974); *Montanez v. Colegio de Tecnicos de Refrigeracion Y Aire Acondicionado de Puerto Rico*, 343 F.Supp. 890, 895 (D.P.R.1972); but see *Hatfield v. Williams*, 64 F.R.D. 71, 74 (N.D. Iowa 1974).

are insufficiently precise to state a claim under either Section 1983 or Section 1985, it plainly is the rule in this Circuit that Section 1983 actions must be specifically pleaded in order to withstand a motion to dismiss, *Kauffman v. Moss*, 420 F.2d 1270, 1275 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn*, 379 F.2d 213, 215 (3d Cir. 1967),[7] and that broad, conclusory allegations, unsupported by specific factual allegations, are insufficient to state a claim upon which relief may be granted, *id.*; *Salvati v. Dale*, 364 F.Supp. 691, 700 (E.D.Pa.1973).[8] Even a cursory reading of the complaint here, however, demonstrates that its allegations easily satisfy the requisite standards of specificity.[9] Similarly, although standing alone the paragraph of the complaint which alleges a conspiracy between the defendants to deprive plaintiff of certain Constitutional rights would be insufficient to state a Section 1985 claim,[10] see, e. g., *Kadlec v. Illinois Bell Telephone Company*, supra; *Stephens v. City of Plano, Texas*, 375 F.Supp. 985 (E.D.Tex.1974), when properly read in the context of the four preceding allegations, see generally Rule 8(f), Fed.R. Civ.P.; 2A Moore's Federal Practice § 8.34 at 1895, it is more than adequate to withstand the present motion, see, e. g., *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir. 1973), cert. denied, 415 U.S. 917, 94 S.Ct. 1413, 1414, 39 L.Ed.2d 471 (1974); *Hebert v. Morley*, 273 F.Supp. 800 (C.D.Cal. 1967).

For the foregoing reasons, the motions of Gimbel Brothers, Inc. and Park City Associates to dismiss this action will be granted, while the motions of David Thompson and James Martin will be denied.

---

**7.** See also *Scott v. University of Delaware*, 385 F.Supp. 937, 944 (D.Del.1974); *Salvati v. Dale*, 364 F.Supp. 691, 700 (W.D.Pa.1973); cf. *Pugliano v. Staziak*, 231 F.Supp. 347, 349 (W.D.Pa. 1964), aff'd, 345 F.2d 797 (3d Cir. 1965).

**8.** See also *Scott v. University of Delaware*, supra at 944; *Mason v. County of Delaware*, 331 F.Supp. 1010, 1017 (E.D.Pa.1971); *Johnson v. Kreider*, 264 F.Supp. 188 (M.D.Pa.1967); *Wagner v. Maroney*, 263 F.Supp. 377, 378 (W.D.Pa. 1967).

**9.** Paragraphs 8 through 11 of the complaint read as follows:

8. On or about January 12, 1974, at or about 5:30 P.M., the plaintiff was lawfully on the premises of the defendant Park City Associates and Gimbel Brothers Inc.

9. At the time and place aforesaid, the defendants, David Thompson and James Martin, falsely arrested and imprisoned the plaintiff and prevented him from leaving the said store of Gimbel Brothers Inc., and the shopping center operated by said Park City Associates, and committed an assault and battery upon him, causing injuries to him.

10. On January 31, 1974, the defendant, David Thompson, executed a complaint against the plaintiff, charging the plaintiff with the offense of disorderly conduct. The defendant was tried before District Justice William A. Hull, Jr., of the City of Lancaster and County of Lancaster and was acquitted and discharged from arrest and further prosecution.

11. Plaintiff has been subjected, because of the above recited acts, to the deprivation by the defendants, under color of law of the Commonwealth of Pennsylvania, of rights, privileges and immunities secured to him by the Constitution and laws of the United States and particularly his right to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, guaranteed by the Fourth Amendment to said Constitution, his right to be informed of the true nature and cause of the accusation against him, guaranteed by the Sixth Amendment of the said Constitution, and his right not to be deprived of liberty without due process of law, guaranteed by the Fifth and Fourteenth Amendments of the said Constitution, his rights reserved and retained under the Ninth and Tenth Amendments of the said Constitution and plaintiff's right to the equal protection of the laws guaranteed under the Fourteenth Amendment of the said Constitution.

**10.** Paragraph 12 states:

Plaintiff alleges that in doing the acts and things above complained of, the defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive him of rights guaranteed to plaintiff under the Constitution and laws of the United States and particularly those hereinabove enumerated.