John A. DIROCCO, et al.

v.

Rodney D. ANDERSON, et al.

Civ. A. No. 86–1719.

United States District Court, E.D. Pennsylvania.

Oct. 20, 1986.

William L. Howard, Malvern, Pa., for plaintiffs.

Carl Vaccaro, Office of the Atty. Gen., for defendant Anderson.

Kevin Canavan, Philadelphia, Pa., for defendant Valentino.

## MEMORANDUM

NEWCOMER, District Judge.

This is a § 1983 action in which plaintiffs allege that the defendants violated plaintiffs' constitutional rights. Presently before the Court is defendant James Valentino's motion to dismiss the claims of plaintiff Susan Dussell against Valentino for failure to state a claim upon which relief can be granted.

The relevant claims are set forth in counts six and seven of the complaint. Plaintiffs DiRocco and Dussell allege the following facts. At all relevant times defendant Rodney Anderson, a Pennsylvania State Police Trooper, was acting under color of state law. On May 5, 1986, while the plaintiffs were riding a motorcycle, defendant Anderson rammed his patrol car into plaintiffs' motorcycle. Plaintiffs were thrown from the motorcycle. Anderson's conduct caused serious injuries to plaintiffs. Immediately after the plaintiffs were thrown from the motorcycle, defendant Anderson physically beat both plaintiffs. At the time of the incident defendant Valentino was a passerby. Complaint, ¶ 48. Anderson then "commanded" Valentino "to physically restrain" Dussell. "Valentino forcibly pinned [Dussell's] outstretched hands to the ground and knocked her head into the ground several times." Valentino "acted at the request of and as an agent of defendant Rodney Anderson

and also individually." *Id.* at ¶ 10. Dussell claims that Valentino violated her rights secured under the Fourth and Fourteenth Amendments and committed an assault and battery.

■ Defendant bases his motion on three arguments. First, defendant claims that Dussell's § 1983 claim is inapplicable because that statute prohibits only "discriminatory" actions taken under the color of state law and defendant Valentino did not discriminate against Dussell. Defendant has misperceived the plain meaning of § 1983. Section 1983 provides a cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects ... any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ..." 42 U.S.C. § 1983. Thus, § 1983 applies in the present case because plaintiff has alleged a *deprivation* of a constitutional right.

■ Defendant's second argument in support of the motion is that there are "no witnesses of fact to establish, as a matter of law, that ... Valentino acted 'under color of law.'" This argument is also without merit. In considering a 12(b)(6) motion, the allegations in plaintiffs' complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Cruz v. Donnelly,* 727 F.2d 79 (3d Cir.1984); *Rogin v. Bensalem Township,* 616 F.2d 680, 685 (3d Cir.1980). Plaintiff has alleged with sufficient specificity that defendant Anderson was acting under color of state law and that defendant Valentino was acting pursuant to Anderson's commands, as a state police trooper.

Defendant's third argument is that plaintiff's claims "under the Fourth and Fourteenth Amendments are misplaced because those amendments regulate the conduct of the [g]overnment only and as such they have no application to ... Valentino, an individual." Defendant's Motion, ¶ 5.

■ A defendant in a § 1983 action need not be a state official. Private individuals may be liable under § 1983. *Adickes v. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). It is enough that the defendant is a willful participant in joint activity with the State or its agent. *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966)[1]; *see Adickes,* 398 U.S. at 152, 90 S.Ct. at 1605; *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed. 2d 185 (1980); *Mines v. Kahle,* 557 F.Supp. 1030, 1037 (W.D.Pa.1983).

■ Section 1983 actions have two elements. First, it must be shown must be shown that the defendant deprived the plaintiff of a right secured by the Constitution or the laws of the United States. Second, the plaintiff must prove that the defendant acted under color of state law. *Adickes,* 398 U.S. at 150, 90 S.Ct. at 1604.

■ Since the Fourteenth Amendment is directed at states, it can only be violated by conduct that may be characterized as state action. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), concerned a § 1983 action which alleged that that the defendant and the state acted jointly to deprive the plaintiff of Fourteenth Amendment rights. In *Lugar* the Supreme Court examined the relationship among the Fourteenth Amendment requirement of state action, the § 1983 requirement that the action in question be committed under color of state law, and the liability of private individuals. The *Lugar* opinion set forth a two part test to determine when the deprivation of a federal right is "fairly attributable" to the state:

First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a

---

1. *Price* examined 18 U.S.C. § 242 which, like § 1983, requires that the act in question be done under color of state law. In *Adickes* the Supreme Court noted that "[a]lthough *Price* concerned a criminal prosecution involving 18 U.S.C. § 242, we have previously held that "under color of law" means the same thing for § 1983." *Adickes,* 398 U.S. at 152 n. 7, 90 S.Ct. at 1606 n. 7.

person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.* at 937, 102 S.Ct. at 2753. Conduct which satisfies the state action requirement of the Fourteenth Amendment also satisfies the § 1983 requirement that the action be under the color of state law. *Id.* at 930, 934 n. 18, 102 S.Ct. at 2750, 2752–53 n. 18.

■ Noting that the case is presently before the the Court in the context of a 12(b)(6) motion, I believe plaintiff has satisfied the *Lugar* test. First, plaintiff alleges that Valentino was acting at the request of, and as the agent of, Officer Anderson. The alleged deprivations committed by Valentino came about because Valentino was acting as Anderson's agent and because of Anderson's request. Since Valentino was acting as Anderson's agent or pursuant to Anderson's request it can be said that Valentino was a person for whom the state was responsible for. Second, the allegations indicated that both Valentino and Officer Anderson were present at the scene of the incident and both physically restrained and beat plaintiff Dussell. It is clear that Valentino was acting together with Anderson, a state official. Therefore, plaintiffs' complaint has satisfied the two part *Lugar* test and also has stated a cause of action upon which relief can be based. *Lugar*, 457 U.S. at 930, 934 n. 18, 102 S.Ct. at 2750, 2752 n. 18.

The conclusion that plaintiff properly has set forth a cause of action is supported by reference to the *Price-Adickes* line of cases noted above. In the present case, plaintiffs' complaint indicates that after Dussell was thrown from the motorcycle, both Valentino and Anderson restrained and beat Susan Dussell. It is clear that both defendants acted together to restrain Dussell. Since both Officer Anderson and Valentino acted jointly to restrain Dussell, Valentino acted under color of state law. *Price*, 383

U.S. at 794, 86 S.Ct. at 1156; *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1605; *cf. Lugar*, 457 U.S. at 941–42, 102 S.Ct. at 2755–56.

The conclusion that Valentino acted under color of law is reinforced by the fact that an agreement may have existed between Valentino and Officer Anderson to restrain and beat Dussell. The court again notes the present procedural status of the case and that the plaintiffs' allegations should be accepted as true and the complaint be read in a light favorable to the plaintiff. The allegation that Valentino beat Dussell and used excessive force in restaing her, after Anderson had beat Dussell, demonstrates that both defendants acted towards Dussell in a similar manner. This similarity of conduct supports the conclusion that Valentino and Anderson may have agreed or reached an understanding, either expressly or implicitly, on their conduct towards Ms. Dussell. Therefore, it may be said that Valentino's conduct was under color of state law. *Dennis*, 449 U.S. at 27–28 n. 4, 101 S.Ct. at 186 n. 4; *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984). Such an interpretation of the complaint would also support the finding that the state action requirement of the Fourteenth Amendment is satisfied. *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1605 (a private party's joint participation with a state official in a conspiracy to deprive plaintiff of rights guaranteed through the Fourteenth Amendment constitutes both (1) state action which satisfies the Fourteenth Amendment requirement and (2) action "under color of law" which satisfies the § 1983 requirement); *accord Lugar*, 457 U.S. at 931–32, 102 S.Ct. at 2750–51.

Defendant Valentino argues that a private individual who merely obeys a police order does not act under color of state law. *Henig v. Odorioso*, 256 F.Supp. 276, 281 (E.D.Pa.1966), *aff'd*, 385 F.2d 491 (3d Cir. 1967); *Weyandt v. Mason's Stores, Inc.*, 279 F.Supp. 283, 287 (W.D.Pa.1968); *see also Cruz v. Donnelly*, No. 83–1437 slip op. at 5–6 (E.D.Pa. August 2, 1982); *Padover v. Gimbel Brothers, Inc.*, 412 F.Supp. 920, 923 (E.D.Pa.1976).

*Henig* dismissed the plaintiff's claims because they were time barred. The brief discussions of private individuals' liability under § 1983 appear only as dicta in both opinions. 256 F.Supp. 276; 385 F.2d 495. In *Weyandt,* another shoplifter case, the plaintiff alleged that store personnel confined her to a small office. Plaintiff also alleged that that the store personnel and police officers restrained her from leaving, insisted that she sign a confession, and forcibly searched her person. *Weyandt,* decided before the *Adickes* decision concerning the liability of private individuals under § 1983, dismissed plaintiff's claims because the conspiracy allegations were conclusory, the police were not alleged to have used state authority *to aid* the private individuals, and the color of law requirement "can rarely be satisfied" in the care of a private individual. 279 F.Supp. at 287–88. Subsequent developments in the law of private liability under § 1983 provide a test for individual liability and indicate that private liability attaches when private individuals are jointly engaged with state officials in the prohibited activity. *Adickes,* 398 U.S. at 152, 90 S.Ct. at 1605; *see Lugar,* 457 U.S. at 937, 102 S.Ct. at 2753. Both *Cruz* and *Padover* acknowledge that while one who merely assists the police in investigating a suspected shoplifter is not liable under § 1983, an individual is liable under § 1983 when he or she engages in joint activity with a state agent. *Cruz,* slip op. at 5–6; *Padover,* 412 F.Supp. at 923. The Court recognizes that the principles expressed in *Henig* and *Weyandt* usually have been limited to instances where store employees assist police officers in investigating shoplifters. *See e.g. Gipson v. Supermarkets General Corp.,* 564 F.Supp. 50, 53 (D.N.J.1983); *Cruz,* slip op. at 5–6. Nevertheless, the rationale behind *Henig* and *Weyandt* may be equally applicable in the context of a private motorist who simply assists a police officer investigate an incident following the police officer's request. At this point however I cannot say that this case falls within that context.

An appropriate order shall be entered.

ORDER

AND NOW, this 20th day of October, 1986, it is hereby Ordered that defendant Valentino's motion to dismiss is hereby DENIED.

AND IT IS SO ORDERED.