Catherine A. Ludden, Hanft, Fride, O'Brien & Harries, P. A., Duluth, Minn., on brief, for appellants.

**Niko EL FUNDI and Lela El Fundi, Appellants,**

v.

**Robert DEROCHE, Manager of Target Store No. 4, Divisions of Dayton-Hudson Corporation, Sidney Goodron, Security Guard No. 1, Target Store No. 4, Einno H. Boener, Police Officer No. 1, Sinnatt Roerner, Police Officer No. 2, Appellees.**

No. 80–1172.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1980.

Decided June 23, 1980.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellants Niko El Fundi and Lela El Fundi appeal the dismissal of two related civil actions brought under 42 U.S.C. § 1983 for alleged violations of civil rights. Pursuant to the recommendation of the United States Magistrate, the district court entered an order dismissing the original actions, brought in forma pauperis and filed *pro se* prior to service of process. Upon motion of appellants, we appointed counsel and al-

lowed this appeal to proceed in forma pauperis.[1]

The complaints allege that while shopping with their two grandchildren in Target Store No. 4, in Duluth, Minnesota, the appellants were unlawfully detained by store security guards. The complaints state that the guards locked the appellants and their grandchildren in an office and otherwise restrained them with physical force, threatened them with a cane and the use of handcuffs and denied them permission to use the restroom. The complaints further allege that the appellants were held until Duluth city police officers arrived, who issued the appellants a ticket summons for shoplifting. It is also alleged that $68.24 was taken unlawfully from appellant Niko El Fundi. Named as defendants were the manager of Target Store No. 4, two store security guards, two Duluth police officers, the County Court judge who accepted the appellants' plea of not guilty and appointed counsel to represent them, and the two public defenders who were appointed. In our order of March 10, 1980, we affirmed the dismissal of the complaint against the judge and the public defenders.

In recommending the dismissal of the action against the three Target employees, Magistrate Patrick J. McNulty found that those three appellees were not acting under color of state law as required by 42 U.S.C. § 1983. In so finding, Magistrate McNulty stated that the appellants' complaint failed to allege that those appellees were acting under color of state law. Both complaints, however, although crudely drafted, contained a statement that the action was brought under section 1983 "to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States." The complaints also expressly stated: "Each defendant is sued individually and in his or her offical [sic] capacty [sic], at all times under color of Minnesota law." Further, the first complaint alleges that the appellants were "conspired upon."

There is no doubt that the acts of city police officers constitute state action. Moreover, we hold that state action is present when private security guards act in concert with police officers or pursuant to customary procedures agreed to by police departments, particularly when a state statute authorizes merchants to detain suspected shoplifters. See, e. g., Duriso v. K-Mart No. 4195, Div. of S. S. Kresge Co., 559 F.2d 1274 (5th Cir. 1977); Smith v. Brookshire Bros., 519 F.2d 93 (5th Cir. 1975), cert. denied, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976); Classon v. Shopko Stores, Inc., 435 F.Supp. 1186 (E.D.Wis.1977). But cf. White v. Scrivner Corp., 594 F.2d 140 (5th Cir. 1979); Warren v. Cummings, 303 F.Supp. 803 (D.Colo.1969).

In our view, appellants have alleged facts sufficient to state a claim under section 1983 and summary dismissal was improper. The cause is reversed and remanded with directions to the district court to order the United States Marshal to serve process and to allow this case to proceed.[2]

---

1. We express our appreciation to appointed counsel for her work on this appeal.

2. While this appeal was pending, appellants filed a pro se petition for "writ of injunction." That petition is hereby denied.