Albert **FISHMAN**

v.

The Hon. Salvatore **DE MEO**, et al.

John J. **McCREADY**, et al.

v.

The Hon. Salvatore **DE MEO**, et al.

Ralph **CALVANESE** and Jack **Brody**

v.

The Hon. Salvatore **DE MEO**, et al.

Joseph **CALIGURI**, et al.

v.

The Hon. Salvatore **DE MEO**, et al.

Brian **SIERACKI**

v.

The Hon. Salvatore **DE MEO**, et al.

Thomas **NILAN**

v.

The Hon. Salvatore **DE MEO**, et al.

Civ. A. Nos. 81–2660, 81–2889, 81–3769, 82–2333, 82–5489 and 83–2165.

United States District Court, E.D. Pennsylvania.

March 23, 1984.

William H. Bishop, Donald S. Leibowitz, Howard Lazaroff, Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa.,

for plaintiffs in Nos. 81–2660, 81–2889, 82–2333, 83–2165.

R. David Bradley, Philadelphia, Pa., for plaintiffs in No. 81–2769.

Albert J. Olizi, Jr., Philadelphia, Pa., for plaintiff in No. 82–5489.

John M. Myers, Richard J. Gold, Gerald T. Clark, John B. Day, Philadelphia, Pa., for defendants De Meo, Walsh, Logan, and City of Philadelphia.

Louis W. Fryman, Philadelphia, Pa., for defendants Republican City Committee and William Meehan.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

These six cases involve claims by employees and former employees of the Philadelphia Traffic Court that they were harassed or terminated due to their political or union affiliations. These cases have become bogged down in a series of motions. Discovery has yet to begin in any substantial way. When discovery does begin, it will consist of depositions of defendants and certain others. It will also consist of plaintiffs' depositions which, because these six cases involve roughly fifty plaintiffs, will involve considerable time and expense.

These six cases have been consolidated for pretrial purposes. However, coordination of six separate litigations, as conducted to this date, has at least taxed this court's filing system. Since some parties have represented to the court that they have not received certain papers, it appears that managing these six cases has also taxed the filing and communication systems of counsel.

A conference was held on March 20, 1984, to resolve pending motions and address housekeeping matters. The essential thrust of my determinations as explained at conference and as set out below is that the present record—or lack thereof—does not permit me to grant in full any of the pending motions to dismiss or for summary judgment. These cases should move forward with discovery. After development of some factual context, any of the defendants still contending that they should prevail as a matter of law may again move for summary judgment.

This Memorandum describes the rulings and agreements reached at the March 20 conference. It briefly describes some of the court's reasoning, more fully explained at conference. I have filed an appropriate, but terse, Order for each of the six cases implementing the discussion in this Memorandum. I have appended copies of all six Orders to this Memorandum for convenient reference.

(1) *Housekeeping Matters*

(a) *Proper Filing and Service*

Certain conventions of filing and service may aid all parties and the court in maintaining their records of these six matters.

(i) Counsel should formally file all papers in any of the six cases which request court action. The parties should avoid letters to the court whenever possible.

(ii) Counsel should serve copies of all papers and correspondence on all counsel, even if the paper or letter does not formally relate to all six of these cases.

(iii) Counsel should caption all filed papers with the captions of the cases to which the papers pertain, preferably in chronological order.

(iv) Counsel should adopt a convention of noting on the face of all papers that the paper pertains to some or all of the cases in the Traffic Court Litigation, citing all six docket numbers.

(v) Counsel should provide the Clerk with an original of each paper for filing with the lowest numbered case to which that paper pertains and for docketing in all cases to which that paper pertains. Counsel should also provide the Clerk with an additional copy for docketing and filing with No. 81–2660. In this way, all dockets will reflect all papers pertaining to that case, but all papers can be found in the *Fishman* file.

(vi) Counsel should adopt a convention of specifically identifying parties in all papers. Thus, counsel should not refer to "plaintiffs" unless the paper is filed on behalf of all plaintiffs in all six cases. Instead, the parties shall, for example, refer to the "*Fishman* plaintiffs," or "plaintiffs in Nos. 82–5489 and 83–2165." Similarly, counsel shall refer to defendants unambiguously.

### (b) *Representation of De Meo, Logan, and Walsh*

At present, one or more of four Deputy City Solicitors have formally entered an appearance in each of these six cases on behalf of the individual public defendants, De Meo, Logan, and Walsh. The City Solicitor's Office also has entered appearances on behalf of the City of Philadelphia in all cases, and all defendants in *McCready* and *Calvanese*. At the March 20 conference, Deputy City Solicitor John Day represented that the City Solicitor's Office would withdraw its appearance on behalf of Messrs. De Meo, Logan, and Walsh in favor of either the Traffic Court's general counsel, Vito Canuso, Esq., or a private attorney. Mr. Canuso attended the March 20 conference and stated that the Traffic Court and Messrs. De Meo, Logan, and Walsh would have decided within one week whether Mr. Canuso or a private attorney would undertake the individual defendants' representation.

Mr. Canuso will, pursuant to my request at the March 20 conference, assist such counsel as they familiarize themselves with these cases so that the substitution of counsel will not delay the discovery process.

### (2) *City of Philadelphia's Motion for Summary Judgment*

The City of Philadelphia has moved for summary judgment in *Fishman, McCready, Calvanese,* and *Nilan.* Although the City could have raised similar arguments in *Sieracki* and *Caliguri,* the City has not done so. Although the City has denominated this motion as one for summary judgment, it better resembles a motion to dismiss.

■ The City asserts that all claims asserted against it in Nos. 81–2660 (*Fishman* ), 81–2889 (*McCready* ), 81–3769 (*Calvanese* ) and 83–2165 (*Nilan* ) must fail because the City of Philadelphia has no *de jure* control over the Philadelphia Traffic Court. This may be so, but neither the federal claims under 42 U.S.C. § 1983 nor the correlative pendent state claims for tortious interference with business relationships and intentional infliction of emotional distress necessarily require a showing of such a *de jure* relationship; if plaintiffs in these cases can adduce evidence of a sufficiently strong pattern of *de facto* control, as well as the other elements of each claim, they will be entitled to present those claims at trial.

■ The City further asserts that Count I of the current complaints in these four actions—the Complaint in *Nilan,* the Amended Complaint in *Calvanese,* the Second Amended Complaint in *Fishman,* and the Third Amended Complaint in *McCready* —insufficiently alleges a pattern or custom as required by *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to support a claim under section 1983. Count I of these various complaints properly alleges such a pattern.

Accordingly, the accompanying Orders deny the City's motion for summary judgment. The City may, of course, file a new motion for summary judgment after discovery has provided these cases with some factual record.

### ■ *Plaintiffs' Motion for a Continuance Pursuant to Rule 56(f)*

■ Counsel for plaintiffs in *Fishman, McCready,* and *Nilan* responded to the City's motion for summary judgment with a cross-motion for a continuance pending limited discovery pursuant to Fed.R.Civ.P. 56(f). Counsel captioned this motion as if it also constituted the response of plaintiffs in *Calvanese,* although counsel for the *Cal-*

*vanese* plaintiffs did not sign the motion. In any event, the disposition of the City's motion for summary judgment renders plaintiffs' cross-motion moot. Accordingly, the accompanying Orders deny the motion for a continuance of plaintiffs in *Fishman, McCready, Calvanese,* and *Nilan* as moot. The similar motion of plaintiff in *Sieracki* will also be denied as moot.

### (4) *Plaintiffs' Motion to Amend their Complaints*

■ Counsel for the *Fishman, McCready,* and *Nilan* plaintiffs moved for leave to amend their complaints as well as the complaint in *Calvanese.* The propose to add defendants Meehan and the Republican City Committee as defendants on Count I of these complaints alleging violations of 42 U.S.C. § 1983. Mr. Meehan and the Republican City Committee object to these amendments, relying on the Court of Appeals' recent decision in *Cruz v. Donnelly,* 727 F.2d 79 (3d Cir.1984). *Cruz,* in my view, contains a negative pregnant implication that if plaintiff can show "a system permitting private parties to substitute their judgment for that of a state official or body, a private actor's mere invocation of state power renders that party's conduct actionable under § 1983." *Cruz,* at 82. Plaintiffs in *Fishman, McCready, Calvanese,* and *Nilan* have made such an allegation. While imposition of section 1983 liability under these circumstances may pose certain First Amendment issues akin to the prudential concerns adverted to in my December 27, 1983, decision concerning defendants' liability under section 1985(3), plaintiffs should have the opportunity to conduct discovery to establish the precise nature of their section 1983 claims before I rule on their legal sufficiency. Accordingly, plaintiffs' motions to amend the complaints in *Fishman, McCready,* and *Nilan* will be granted. Plaintiffs in those cases will have until March 23, 1984 to file amended complaints.

The court will hold the motion in *Calvanese* under advisement. If counsel for plaintiffs in that case ratifies the motion made in that case by counsel for the *Fishman, McCready,* and *Nilan* plaintiffs by March 28, plaintiffs in *Calvanese* shall have until the following Friday, March 30, to file a similar amendment.

### (5) *Residual Claims Under Section 1985(3)*

■ On December 27, 1983, this court held that conspiracies to deprive an individual of equal protection of the laws based upon his political affiliations were not actionable under 42 U.S.C. § 1985(3). *Nilan v. De Meo,* 575 F.Supp. 1225 (E.D.Pa.1983). I thereupon dismissed Count II of the Second Amended Complaint in *Fishman,* the Third Amended Complaint in *McCready,* the Amended Complaint in *Calvanese,* and the Complaint in *Nilan.*

For precisely the reasons given in this court's December 27 ruling, the claim under section 1985(3) made by Mr. Sieracki in No. 82–5489 will be dismissed for failure to state a claim upon which relief may be granted.

The *Caliguri* plaintiffs do not allege a conspiracy against them based upon their political affiliations. Instead, the *Caliguri* complaint alleges a conspiracy motivated by an anti-union animus. An anti-union animus, like an political animus, does not suffice to state a claim under section 1985(3). *United Brotherhood of Joiners v. Scott,* —— U.S. ——, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Fiske v. Lockheed-Georgia Co.,* 568 F.Supp. 590 (N.D.Ga. 1983). Both *United Brotherhood* and *Fiske* involved claims of discrimination on the basis of union activism. Accordingly, Count II of the Amended Complaint in *Caliguri* will also be dismissed for failure to state a claim upon which relief may be granted.

### (6) *Claims Under Section 1986*

■ A claim under 42 U.S.C. § 1986 for failure to prevent a deprivation of equal protection in violation of section 1985 requires as its predicate a viable claim under section 1985. I have dismissed all section

1985 claims. Accordingly, I will also dismiss all section 1986 claims.

### (7) Meehan and Republican City Committee's Motion to Dismiss or for Transfer

■ Defendants William Meehan and the Republican City Committee have moved to dismiss the pendent state claims against them in *Fishman, McCready, Calvanese,* and *Nilan.* They raise two arguments. First, they contend that this court should not assert pendent jurisdiction over these claims. Second, Mr. Meehan and the Republican City Committee assert that plaintiffs' claims for tortious interference with business relationships and for intentional infliction of emotional distress do not state claims upon which relief can be granted under Pennsylvania law.

At the time that Mr. Meehan and the Republican City Committee moved to dismiss the pendent claims against them, I had dismissed the only federal claim asserted against these two parties by plaintiffs in these four cases. *Nilan v. De Meò,* 575 F.Supp. 1225 (E.D.Pa.1983). I have now granted plaintiffs leave to amend their complaints so as to assert a claim under 42 U.S.C. § 1983 against these two defendants. Accordingly, I will retain pendent jurisdiction over the state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[1]

### (8) Discovery Scheduling

By letter dated April 14, 1983, counsel for all parties in all cases except *Nilan* agreed to a discovery schedule. A copy of this letter is attached to this Memorandum. This plan for discovery seems appropriate to the court with a few modifications.

First, the joint discovery schedule should apply to *Nilan* as well as the other actions. This presents no practical problem since counsel for the *Nilan* plaintiffs subscribed to the April 14 agreement in their capacities as counsel for plaintiffs in *Fishman, McCready,* and *Caliguri.*

Second, the City of Philadelphia and the private defendants, William Meehan and the Republican City Committee, have expressed a significant interest in avoiding participation in the depositions of all plaintiffs. Defendants going to trial will have to take those depositions properly to prepare for trial. The City and the private defendants, however, expect that after limited discovery they will be ready to submit what they believe will be successful motions for summary judgment. Accordingly, the parties agreed at conference to concentrate early discovery on the issues raised by the City's motion for summary judgment, denied today, and the issues raised

---

1. In the unlikely event that plaintiffs in *Calvanese* do not properly move to amend their complaint, that case would involve no federal claim against Mr. Meehan and the Republican City Committee. Defendants claim that only in "extraordinary circumstances" may a federal court exercise pendent jurisdiction over state claims against a party not defending any viable federal claims. *Shaffer v. Board of School Directors,* 730 F.2d 910 at 911–912 (3d Cir.1984); *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982); *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187 (3d Cir.1976).

Our Court of Appeals has not yet had occasion to decide whether the "extraordinary circumstances" principle discussed in *Shaffer, Weaver,* and *Tully* applies in a "pendent party" situation where a plaintiff asserts a viable federal claim against one defendant and pendent state claims against that first defendant and other "pendent" defendants. *See Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *Shaffer,* *Weaver,* and *Tully* were all cases where no viable federal claim arising out of the same nucleus of operative facts remained against any defendant.

Even assuming that—if the *Calvanese* plaintiffs were not to amend their complaint—"extraordinary circumstances" would be required as predicate for the exercise of pendent jurisdiction over Mr. Meehan and the Republican City Committee, I would find that requirement met with respect to Count III of the Amended Complaint. Count III, the only pendent claim in *Calvanese,* alleges tortious interference with business relationships. That claim parallels claims made in Count IV of the *Fishman, McCready,* and *Nilan* complaints. Mr. Meehan and the Republican City Committee will have to defend in this court the tortious interference claims in the other cases. This congruence in claims between several cases presents an "extraordinary circumstance" justifying exercise of pendent jurisdiction.

by private defendants' motions to amend complaints, denied today. This may entail a modification of paragraph 2 of the April 14 agreement. In any event, discovery on the City's participation in any allegedly improper activity shall be completed in the first sixty days following entry of the accompanying Orders. Discovery on the private defendants' issues shall be completed in the first ninety days following entry of the accompanying Orders.

Because the court cannot instantaneously rule on complicated motions for summary judgment, the earlier the parties can complete discovery on the City's and the private defendants' preliminary issues, the more quickly those parties' statuses can be resolved. An early resolution will either allow those parties to avoid further preparation of these cases for trial or it will force those parties to participate in that preparation whole-heartedly.