782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY EDWIN GREENWELL, Plaintiff-Appellant
v.
SHILLITO'S DEPARTMENT STORE; M. CRICH, STORE DETECTIVE AND
STIANO, STORE DETECTIVE, Defendants-Appellees.
 85-5680
 United States Court of Appeals, Sixth Circuit.
 12/4/85
 ORDER
 
 1
 BEFORE: KEITH and MILBURN, Circuit Judges; and UNTHANK, District Judge.*
 
 
 2
 This case is before the Court for consideration of plaintiff's motion for appointment of counsel and his appeal from the district court's summary judgment dismissing his civil rights complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the motion, plaintiff's informal brief and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff was suspected of shoplifting and detained by defendant department store's security personnel. He was arrested by the Louisville police and prosecuted. The theft charge was dismissed. Subsequently, plaintiff filed a civil rights complaint in the district court under 42 U.S.C. Sec. 1983 alleging constitutional violations by the defendant department store and its security personnel. The district court dismissed the complaint against all defendants for lack of jurisdiction. This Court agrees.
 
 
 4
 To sustain an action under 42 U.S.C. Sec. 1983 plaintiff must plead and demonstrate factually that a constitutional deprivation has occurred under color of state law. Parrott v. Taylor, 451 U.S. 527 (1981); Imbler v. Pachtman, 424 U.S. 409 (1976). Private individuals, as in the present case, may cause a deprivation of an individual's constitutional rights and be subjected to liability under 42 U.S.C. Sec. 1983 only when the deprivation is a result of state action. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149 (1978). The test is whether the conduct of the private actors is fairly attributable to the state. Bier v. Fleming, 717 F.2d 308 (6th Cir. 1983).
 
 
 5
 This Court finds that plaintiff has failed to show any conduct attributable to the state to sustain a claim that a constitutional deprivation occurred under color of state law. The Louisville police, non-parties to this action, arrested plaintiff. The record does not indicate, nor does plaintiff allege that defendants and Louisville police acted in concert pursuant to a custom or a plan for plaintiff's detention, arrest, or prosecution. Smith v. Brookshire Brothers, Inc., 519 F.2d 93 (6th Cir.), cert. denied, 424 U.S. 915 (1976); Iskander v. Village of Forest Park, 690 F.2d 126 (7th Cir. 1982); Cruz v. Donnelly, 727 F.2d 79 (3rd Cir. 1984). Defendants performed as private individuals and independent of state action in discharging corporate duties and responsibilities. Fleming, supra. The fact that a mistake may have occurred does not warrant defendants' liability for damages under Sec. 1983. The statute cannot be used as a catch-all to bring suits in federal court which are traditionally within the exclusive jurisdiction of state courts. Ryan v. Aurora City Board of Education, 540 F.2d 222 (6th Cir. 1976), cert. denied, 429 U.S. 1041 (1977); Paul v. Davis, 424 U.S. 693 (1976); Tonti v. Petropoulous, 656 F.2d 212 (6th Cir. 1981).
 
 
 6
 It is therefore ORDERED that plaintiff's motion for counsel be and hereby is denied and the district court's judgment affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable G. Wix Unthank, U.S. District Judge for the Eastern District of Kentucky, sitting by designation