Michael J. VASSALLO

v.

CLOVER, DIVISION OF STRAWBRIDGE & CLOTHIER, Strawbridge & Clothier, Brian J. Leventhal, Greg Riley, and John McIver.

Civ. A. No. 90–2875.

United States District Court,
E.D. Pennsylvania.

July 24, 1990.

Paul R. Sacks, Berkowitz & Leabman, Philadelphia, Pa., for plaintiff.

Christine F. McCafferty, Mylotte, David & Fitzpatrick, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

The complaint will be dismissed for failure to state a claim on which relief may be granted, Fed.R.Civ.P. 12(b)(6), with leave to amend as set forth in the accompanying order.

This is a civil rights action. According to the complaint, plaintiff Michael J. Vassallo, on May 5, 1987, was attacked and beaten by the three individual defendants, who are private security officers employed by defendant Clover's department store in Phila-delphia. Plaintiff is alleged to have been falsely arrested, handcuffed, and dragged from a parking lot to the store's security office. ¶ 11. There, he was detained nearly an hour and a half until a security officer notified the Philadelphia Police Department. ¶ 12.[1]

The threshold defense asserted by defendants' motion to dismiss concerns state action, which is the jurisdictional crux of § 1983.[2] Defendants contend that given the facts as pleaded in the complaint neither the store nor its security personnel could have been acting under color of state law. In a civil rights action, notice pleading is not enough. *Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981); *Bosa v. Board of Commissioners,* No. 89–1480, slip op. at 2 (E.D.Pa. July 7, 1989). There must be sufficient specificity to make out a cognizable violation of the civil rights statute. *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988).[3] Here, the complaint makes no effort to aver this basic element of § 1983. Accordingly, the motion to dismiss must be granted.

Although not so alleged in the complaint, plaintiff's brief argues that he was detained "pursuant to a pre-arranged association" with the Philadelphia Police Department, plaintiff's brief at 8, and that the Pennsylvania Retail Theft Act, 18 Pa.C. S.A. § 3929(d), impliedly authorizes such an arrangement:

A peace officer, merchant or merchant's employee or an agent under contract with a merchant, who has probable cause to believe that retail theft has occurred ... on or about a store ... and

---

1. The complaint includes counts under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, as well as various pendent state law claims. Jurisdiction is federal question, 28 U.S.C. § 1331.

2. 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. 42 U.S.C. § 1983 and other civil rights statutes are the procedural vehicles for enforcing federal rights. *Smith v. Hampton Training School for Nurses,* 360 F.2d 577, 581 (4th Cir.1966). In cases where a plaintiff states a constitutional claim under § 1983, that statute is the exclusive remedy for the alleged constitutional violations. *Thomas v. Shipka,* 818 F.2d 496, 499 (6th Cir. 1987). A cause of action arising directly under the Constitution is not cognizable where § 1983 is available as a remedy. *Id.,* 818 F.2d at 500.

who has probable cause to believe that a specific person has committed ... the retail theft may detain the suspect in a reasonable manner for a reasonable time on or off the premises for all or any of the following purposes: to require the suspect to identify himself, ... to determine whether such suspect has in his possession unpurchased merchandise, ... to inform a peace officer, or to institute criminal proceedings against the suspect.

Plaintiff cites *El Fundi v. DeRoche*, 625 F.2d 195, 196 (8th Cir.1980) ("[S]tate action is present when private security guards act in concert with police officers or pursuant to customary procedures agreed to by police departments, particularly when a state statute authorizes merchants to detain suspected shoplifters.") Should plaintiff attempt to amend the complaint, the contours of this theory, as demarcated in our Circuit, will have to be observed.

In *Lugar v. Edmondson*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), a two-part test was set out for determining whether a deprivation of a federal right is "fairly attributable" to the state. First, there must be "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.*, 457 U.S. at 937, 102 S.Ct. at 2753. Second, defendant must be a state actor, because he is a state official or "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

In *Cruz v. Donnelly*, 727 F.2d 79 (3d Cir.1984), in which a suspected shoplifter was strip-searched by police upon orders of the store manager, it was held that a store and its employees are not state actors under § 1983 unless (1) they have a pre-arranged retail theft detention plan with the police; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause. *Id.*, 727 F.2d at 81. Our Circuit described the critical issue: "[W]hether the state, through its agents or laws, has established

a formal procedure or working relationship that drapes private actors with the power of the state." *Id.*, 727 F.2d at 82. *See also Davenport v. Saint Mary Hospital*, 633 F.Supp. 1228, 1236 (E.D.Pa.1986).

Here, the complaint relates only that the security officers "did not call the Philadelphia Police Department until approximately 2:55 o'clock on that same date; approximately one hour and twenty-five minutes after the incident and, during that time frame, kept Plaintiff, Michael J. Vassallo, handcuffed to a chair in the Security Office." ¶ 12. As required under *Cruz*, "the existence of a pre-arranged plan by which the police substituted the judgment of private parties for their own official authority" has not been spelled out with requisite specificity even superimposing plaintiff's argument on the facts that appear in the complaint. *Id.*, 727 F.2d at 80.

The remaining claims must also be dismissed. Section 1985(2) involves intimidation of witnesses or parties in federal court and obstruction of justice in any state or territory; § 1985(3) is restricted to conspiracies motivated by racial or class-based, invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); § 1986, providing a cause of action for neglect or refusal to prevent a conspiracy to interfere with civil rights, requires that plaintiff first establish a § 1985 claim, *Lyon v. Temple University*, 507 F.Supp. 471, 479 (E.D.Pa.1981); § 1988 is an attorney's fees provision for prevailing parties.

Assuming procedural compliance with § 1983, claims under the Fourth or Fourteenth Amendments themselves require state action. *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); *United States v. Price*, 383 U.S. 787, 799, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966). Claims made directly under the First and Fifth Amendments relate to the federal government, not private persons. *Public Utilities Com. v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952). The Eighth Amendment involves the state's custodial powers fol-

lowing an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979). Without federal question jurisdiction, pendent state law claims must be dismissed. *Lovell Manufacturing v. Export–Import Bank of the United States*, 843 F.2d 725, 734 (3d Cir. 1988).

Plaintiff will be given leave to amend the complaint by August 14, 1990 if he can do so with requisite facts and in accordance with Fed.R.Civ.P. 11 and other applicable procedural rules.