

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2007

# Wiltz v. Prosecutor Middlesex

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wiltz v. Prosecutor Middlesex" (2007). *2007 Decisions.* Paper 419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3610
_____

CASSANDRA WILTZ,

Appellant

v.

MIDDLESEX COUNTY OFFICE OF THE PROSECUTOR; WILLIAM F. LAMB;
GARY CHARYDCZAK; FRANK D. DININNO; BRUCE KAPLAN;
MIDDLESEX BOROUGH POLICE DEPARTMENT; MICHAEL MASTOGIOVANNI;
DENNIS G. DONNATELLI; MATTHEW GEIST; GREG SHARKEY;
JAMES L. BENSON; PLAINFIELD AREA REGIONAL SWERAGE AUTHORITY;
ROBERT VILLEE; FRANK KUNZ; CINDY LEE KUNTZ; AL ELLIS;
ROBERT JOHNSTON; CAROL PIZZUTO; DAVID ERVIN;
HERBERT LAUTERWALD, JR.; JAMES W. KOCH; WILLIAM POPULUS;
WILLIAM J. THOMAS; JOHN J. ECCLESTON; R.D. HUNTER COMPANY;
HUNTER GROUP, CPA; MARAZITI, FALCON AND HEALEY;
DAVID J. RUITENBERG; BRENT T. CARNEY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03915)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2007

Before: Barry, Chagares and Roth, <u>Circuit Judges</u>.

(Filed:  September 19, 2007)

_____

OPINION
_____

PER CURIAM

Cassandra Wiltz, acting pro se, appeals the July 12, 2006, order of the United States District Court for the District of New Jersey denying her all requested relief.

Wiltz worked for defendant Plainfield Area Regional Sewerage Authority ("PARSA") until November of 1999. Following the termination of this relationship, she was indicted for burglary and computer theft for the alleged unauthorized removal or destruction of files from the PARSA offices. A jury found her not guilty of burglary on July 9, 2004, and the government voluntarily dismissed the computer theft charge on August 23, 2004. Wiltz filed a complaint in the New Jersey Superior Court on July 6, 2005, alleging that the defendants violated state and federal law by discriminating against her on the basis of race and conspiring to have fabricated charges brought against her. The case was removed to the Federal District Court for the District of New Jersey on August 5, 2005. On July 12, 2006, the Court denied Wiltz's motion to amend her complaint, and dismissed her claims under Federal Rule of Civil Procedure 12(b)(6).[1]

Wiltz timely filed this appeal on July 28, 2006. She asserts that the District

_____

[1] While the motion submitted by defendants Middlesex County Office of the Prosecutor, William Lamb, Gary Charydczak, Bruce Kaplan, and Frank DiNinno, was characterized as a motion for summary judgment, all of the arguments raised would have been the proper subject for a motion to dismiss.

Court: (1) lacked jurisdiction because the case was not properly removed; (2) lacked jurisdiction over defendants who asserted sovereign immunity; (3) improperly set aside the entries of default against certain defendants; (4) improperly denied the motion to amend the complaint; (5) failed to address all issues in the complaint; (6) engaged in judicial misconduct; and (7) ruled contrary to the law and the evidence in the record. We find these objections to be without merit and will affirm the judgment of the District Court.

Wiltz's claims arise from two sets of events: alleged race-based discrimination and other misconduct over the course of her employment with PARSA, and malicious prosecution, abuse of process, and other violations related to the criminal charges brought against her. Her complaint alleges violations by 29 defendants of 42 U.S.C. §§ 1983, 1985, and 1986, the New Jersey Constitution, and New Jersey common law. For the purposes of this discussion, we will divide these defendants into two broad categories: local government entities and their employees,[2] and private individuals and firms.[3]

---

[2] PARSA; Robert Villee; Frank Kunz; Cindy Lee Kuntz; Al Ellis; Robert Johnston; Carol Pizzuto; David Ervin; Herbert Lauterwald, Jr.; James Koch; William Populus; William J. Thomas; Middlesex County Office of the Prosecutor; William F. Lamb; Gary Charydczak; Bruce Kaplan; Frank D. DiNinno; Middlesex Borough Police Department; Michael Mastrogiovanni; Dennis G. Donnatelli; Matthew Geist; Greg Sharkey; and James L. Benson.

[3] R.D. Hunter and Co.; Hunter Group, CPA; John J. Eccleston; Maraziti, Falcon and Healy; David J. Ruitenberg; and Brent T. Carney.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, engaging in plenary review of the District Court's dismissals under Rule 12(b)(6) and the grant of summary judgment. See County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 163 (3d Cir. 2006). Our review of the District Court's denial of appellant's motion for remand is likewise plenary. See Werwinski v. Ford Motor Co., 286 F.3d 661, 665 (3d Cir. 2002). We review the denial of leave to amend the complaint for abuse of discretion. See Anderson v. Ayling, 396 F.3d 265, 271 (3d Cir. 2005); In re Adams Golf, Inc. Securities Litig., 381 F.3d 267, 280 n.13 (3d Cir. 2004).

We turn first to appellant's objections to the exercise of jurisdiction by the District Court. Her contention that the assertion of qualified immunity deprived the Court of jurisdiction over some defendants is clearly meritless. Qualified immunity is the entitlement not to stand trial, not an attack on the court's jurisdiction. See, e.g., Thomas v. Independence Twp., 463 F.3d 285, 291 (3d Cir. 2006). Her objection that the case was not properly removed, however, requires some discussion.

Appellant correctly asserts that 28 U.S.C. § 1446(a) generally requires that all defendants join in removal. See Balazik v. County of Dapuhin, 44 F.3d 209, 213-14 (3d Cir. 1995). Defendants in this case concede that they did not do so, but they argue that Wiltz failed to raise or preserve her objection by filing a motion to remand within 30 days. We disagree. Wiltz raised this issue in her "Objection to Notice of Removal" filed on August 10, 2005, five days after the case was removed. Given the liberal construction given to pro se filings, this submission was adequate to raise and preserve appellant's

4

objection to removal.  Cf. Jerry v. Francisco, 632 F.2d 252, 257-58 (3d Cir. 1980).

Although appellant raised a likely meritorious objection to removal, however, we will not now remand the case to state court.  Here, as in Caterpillar Inc. v. Lewis, "no jurisdictional defect lingered through judgment in the District Court."  519 U.S. 61, 77 (1996); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998).  As there was clear federal question jurisdiction in this case, the initial defect in removal was procedural only.  See Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1076-77 (10th Cir. 1999).  By actively litigating the case in federal court, those defendants who did not initially sign the notice of removal consented to the authority of that forum and implicitly endorsed removal.  Cf. id.; Parrino, 146 F.3d at 703.  "To wipe out the adjudication postjudgment, and return to state court a case . . . satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."  Caterpillar Inc., 519 U.S. at 77.[4]

As the District Court explained in some detail, both the federal and state claims relating to the conditions of appellant's employment at PARSA and her termination from that position, as well as her abuse of process claims, are time-barred.  See Opinion of July 12, 2006, at 6-10.  The employment-related causes of action – for

---

[4] Appellant has made no showing that the District Court abused its discretion in vacating the entry of default that had been entered by the clerk against certain defendants.  Cf. Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 153 (3d Cir. 1986).  Her accusations of misconduct by the District Court are likewise without any merit.

equal protection and due process violations, unreasonable search and seizure, and various state law torts – accrued upon termination of her employment on November 1, 1999. See, e.g., Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). The abuse of process claims accrued when Wiltz was arrested on November 15, 1999. See, e.g., Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989).[5] The statute of limitations for asserting all of these claims was two years, and Wiltz filed her complaint over five years after her claims accrued. See, e.g., O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006).

Wiltz's remaining claims were not time-barred: malicious prosecution in violation of 42 U.S.C. § 1983,§ 1985(3), and New Jersey common law; and neglect in preventing the § 1985 conspiracy in violation of 42 U.S.C. § 1986.[6] The statute of limitations on malicious prosecution claims "does not begin to run until the underlying criminal proceedings are terminated in plaintiff's favor." Rose, 871 F.2d at 348. The same is true for civil rights conspiracy claims involving alleged malicious prosecution. See id. at 352.

To prevail on malicious prosecution claims brought under § 1983 for violation of Fourth Amendment rights, a plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor

---

[5] Appellees' briefs suggest some disagreement as to the date of Wiltz's arrest. In evaluating a motion to dismiss, however, we accept as true all well-pleaded allegations in the complaint. See Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000).

[6] We agree with the District Court's conclusion that the negligence claims discussed by Wiltz in various submissions were not actually alleged in her complaint.

(3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007); see also Albright v. Oliver, 510 U.S. 266 (1994). Being required to post bail, restrictions on travel, and other types of onerous non-custodial restrictions may satisfy the fifth element. See Johnson, 477 F.3d at 85 n.14; Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998). Merely being required to appear at trial, however, is not a sufficient deprivation of liberty to meet this requirement. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005)(finding no seizure significant enough to support malicious prosecution claim where plaintiffs "were never arrested; . . . never posted bail; . . . were free to travel;. . . and did not have to report to Pretrial Services.").

While Wiltz's complaint does allege that she was arrested, it does not allege that she was incarcerated, required to post bond, maintain contact with Pretrial Services, refrain from traveling, or that she endured any other "post-indictment" deprivation of liberty as a result of the legal proceedings. See Gallo, 161 F.3d at 222. The District Court was correct in holding that absent such allegations, the complaint failed to state a claim for malicious prosecution actionable under §§ 1983 or 1985.[7] See id.; United Bros.

---

[7] Because the complaint fails to state a claim for malicious prosecution under the federal civil rights statutes, we do not reach the District Court's conclusion that the private defendants were not acting "under color of state law." See Order of July 12, 2006, at 5-6; see also, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Abbott v. Latshaw,

of Carpenters and Joiners of Am. v. Local 610, AFL-CIO, 436 U.S. 825, 833 (1983). Because appellant had no viable claim under § 1985, her § 1986 claim also fails.

We turn next to Wiltz's common law malicious prosecution claims. As the District Court held, appellant was barred from recovering against the government defendants on these claims because she failed to file them with the government defendants within 90 days of the accrual of her claims as required by the New Jersey Tort Claims Act. See N.J. Stat. Ann. § 59:8-8; Velez v. City of Jersey City, 180 N.J. 284, 293 (2004).

To prevail on the malicious prosecution claims against the private defendants, Wiltz must show that they "(1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in" her favor. Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 248 (3d Cir. 2001).

The District Court dismissed these claims for failure to establish the "instituted proceedings" element. We agree with the district court's analysis that allegations that the private defendants urged PARSA to prosecute appellant and prepared financial statements used in that prosecution were too conclusory to survive defendants' motions to dismiss. The only specific allegation is that defendants R.D. Hunter, Hunter Group, and Eccleston submitted an invoice to PARSA with a false annotation that it was for the "reestablishment of the general ledger . . . required as a result of the former

_____

164 F.3d 141, 148 (3d Cir. 1998); Cruz v. Donnelly, 727 F.2d 79, 80 (3d Cir. 1984).

8

accountant/Treasurer." See Complaint, ¶ 125. As the District Court explained, this action was both too minor and too removed from the prosecution to satisfy the "instituted proceedings" prong of the malicious prosecution claim. See Epperson v. Wal-Mart Stores, Inc., 373 N.J. Super. 522, 531 (N.J. Super. A.D. 2004); Seidel v. Greenberg, 108 N.J. Super. 248, 257-58 (Law Div. 1969)("[I]t must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the Proximate and efficient cause of maliciously putting the law in motion." (citation omitted)). We also agree that the allegations against the remaining private defendants were wholly conclusory.

Finally, we examine the District Court's refusal to allow Wiltz to amend her complaint. The District Court concluded that appellant acted with undue delay and bad faith because the request to amend was filed seven months after the initial complaint was filed, and it followed motions to dismiss and for summary judgment. See Opinion of July 12, 2006, at 3-4. We find this conclusion to be unsupported by our caselaw. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007)(observing that in civil rights cases, "leave to amend must be granted *sua sponte* before dismissing" the complaint.); Arthur, 434 F.3d at 204-05 ("[O]nly one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year."); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108-09 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dep't, 91 F.3d

9

451, 454 n.1 (3d Cir. 1996)("[U]nder Rule 15(a), a party may amend a pleading as a matter of course in response to a motion to dismiss grounded on a failure to state a claim upon which relief may be granted.").  We agree, however, with the District Court's conclusion that granting leave to amend would have been futile, because "the complaint, as amended, would fail to state a claim upon which relief could be granted."  See In re Burlington Coat Factory Sec. Litig., 115 F.3d 1410, 1434 (3d Cir. 1997).

Accordingly, we will affirm the order of the District Court.[8]

---

[8] Judge Roth would remand to permit Wiltz to amend her complaint.